E-Filed: **9/15/09**
JS - 6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNIVERSAL CITY STUDIOS LLLP and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,**<br><br>    Plaintiff,<br><br>    v.<br><br>**MICHAEL BRIDGEMAN and KATHERINE TUCKER,**<br><br>    Defendants. | **CASE NO. CV 08-4396-GHK (CTx)**<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

    This cause having come before this Court on the Motion of Plaintiffs Universal City Studios LLLP and Universal City Studios Productions LLLP ("Plaintiffs") for entry of default judgment and permanent injunction ("Motion") against Defendants Michael Bridgeman and Katherine Tucker ("Defendants");

    AND, the Court having read and considered the pleadings, declarations and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiffs' Motion;

    AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the following

facts as between these Parties only:

Plaintiffs are the owners of all rights in and to certain copyright registrations, including the copyrights which are the subject of the certificates of registration contained in Exhibit E, attached to the Motion ("Plaintiffs' Copyrights").

Defendants engaged in the unauthorized business of importing, distributing, promoting, selling and/or offering for sale unauthorized pirated Digital Versatile Discs ("DVDs") of Plaintiffs' motion pictures featuring the Plaintiffs' Copyrights ("Unauthorized Media Product").

Defendants' importing, advertising, displaying, promoting, marketing, distributing, providing, offering for sale, and selling of the Unauthorized Media Product was engaged in willfully and intentionally, without leave or license from Plaintiffs, in violation of Plaintiffs' rights in and to the Plaintiffs' Copyrights.

Therefore, based upon the foregoing facts and our September 14, 2009 Order Granting the Motion for Entry of Default Judgment,

IT IS HEREBY **ADJUDGED** THAT:

1) Plaintiffs **SHALL** have judgment against Defendants jointly and severally in the total sum of $370,800.00, with interest on this principal amount according to the statutory rate pursuant to 28 U.S.C. § 1961(a).

2) The principal sum of $370,800.00 consists of: $360,000.00 in statutory damages under 17 U.S.C. § 504(c) of the Copyright Act, and attorneys' fees in the amount of $10,800.00 under L.R. 55-3.

3) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

    a) Infringing the Plaintiffs' Copyrights either directly or contributorily, in any manner, including generally, but not limited to manufacturing, reproducing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of the Plaintiffs' Copyrights, and,

specifically: importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale the Unauthorized Media Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of the Plaintiffs' Copyrights;

b) Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to the Plaintiffs' Copyrights.

4) Plaintiffs **SHALL** serve this Judgment on Defendants prior to its execution.

5) The Court **SHALL** retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

**IT IS SO ORDERED**.

DATED: September 15, 2009

_____
GEORGE H. KING
United States District Judge

3